UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MELODY DIANE WALKER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>BAC HOME LOANS SERVICING, L.P.,<br><br>　　　　　Defendant. | CASE NO. C14-1709JLR<br><br>ORDER DENYING PLAINTIFF'S MOTIONS FOR RECONSIDERATION, ENTRY OF DEFAULT, ENTRY OF DEFAULT JUDGMENT, AND BILL OF COSTS AND GRANTING DEFENDANT'S MOTION TO DISMISS |

## I.     INTRODUCTION

Before the court are Plaintiff Melody Diane Walker's motion for reconsideration (Mot. for Recons. (Dkt. # 8)), motion entry of default (Mot. for Default (Dkt. # 9)), motion for entry of default judgment (Mot. for Default Judg. (Dkt. # 10)), and motion for a bill of costs (Mot. for Bill of Costs (Dkt. # 12)), as well as Defendant Bank of America,

ORDER- 1

N.A.'s ("BANA")[1] motion to dismiss Plaintiff's complaint in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(6) (Mot. (Dkt. # 15)).  The court has considered the motions, the balance of the record, and the applicable law.  Being fully advised, the court DENIES Plaintiff's motions and GRANTS Defendant's motion.

## II.   BACKGROUND

This dispute centers around the real property located at 233 31st Avenue East, Seattle, Washington 98112.  (Not. of Rem. (Dkt. # 1), Ex. A (Dkt. # 1-1) at 2-10 ("*Walker II*[2] Compl.").)  In April 2007, Plaintiff financed her purchase of the property with a home loan memorialized in a promissory note and secured by a deed of trust.  (*Walker v. BAC Home Loan Servicing*, No. C11-0907RAJ, Dkt. # 2, Ex. J ¶¶ 3.3-3.7 (W.D. Wash. 2011) ("*Walker I* Compl.").)[3]  According to the deed of trust, Plaintiff is the sole borrower, Old Republic Titles is the trustee, and Mortgage Electronic Registration Systems, Inc. ("MERS") is the beneficiary.  (1st Varallo Decl. (Dkt. # 16) ¶ 2, Ex. A ("Deed of Trust.") at 2.)  MERS subsequently transferred its interest to Defendant.  (1st Varallo Decl. ¶ 3, Ex. B.)

Plaintiff began to miss loan payments in July 2009.  (*Walker I* Compl. ¶ 3.12.)  Her monthly payments were reduced through a Fannie Mae program in order to provide

---

[1] BANA is the successor by merger to named Defendant BAC Home Loans Servicing, L.P. ("BACHLS"). (Mot. at 1; 2d Varallo Decl. (Dkt. # 23) ¶ 2, Ex. A (Dkt. # 23-1).)

[2] In this order, "*Walker II*" refers to this case, while "*Walker I*" refers to Plaintiff's prior action against Defendant, *Walker v. BAC Home Loan Servicing*, No. C11-0907RAJ (W.D. Wash. 2011).

[3] A copy of the *Walker I* complaint also appears in the record in this case. (1st Varallo Decl. (Dkt. # 16) ¶ 6, Ex. E.)

ORDER- 2

the parties with an opportunity to negotiate a solution.  (*Id.* ¶ 3.15.)  The parties never met, however, and Plaintiff received a notice of default identifying the amount owed, including missed payments, late fees, and other charges.  (*Id.* ¶ 3.21.)  Plaintiff informed Defendant of an alleged discrepancy in the amount of default on several occasions, but received no explanation.  (*Id.* ¶ 3.24.)  A trustee's sale of the property was scheduled for May 2011.  (*Id.* ¶ 3.46.)

Plaintiff brought her first action (*Walker I*) against BACHLS in April 2011 (*id.* at 16), and BACHLS promptly removed the case to the United States District Court for the Western District of Washington (*see Walker I*, Dkt. # 1.)  In her complaint in *Walker I*, Plaintiff asserted that the notice of default did not comply with state law and contained inaccurate information regarding the amount owed on the loan for missed payments and fees.  (*Walker I* Compl. ¶¶ 3.40-3.44.)  Additionally, Plaintiff complained that the trustee's sale should be postponed or cancelled because she had completed an application for a modification that Defendant had refused to confirm.  (*Id.* ¶¶ 3.49-3.62.)

On the basis of these assertions, Plaintiff claimed that BACHLS breached the payment agreement in the promissory note and violated state and federal statutes, including the Real Estate Settlement Procedures Act, 12 U.S.C § 2605, and several foreclosure statutes.  (*Id.* ¶¶ 4.1-8.8.)  Plaintiff requested damages and attorneys' fees, as well as an injunction against foreclosure.  (*Id.* at 15-16.)  In April 2012, the parties reached a settlement and filed a stipulation and proposed order of dismissal, after which the matter was dismissed with prejudice.  (*Walker I*, Dkt. # 3, Dkt. entry of 4/4/12.)

Plaintiff filed the instant action on October 7, 2014. (*Walker II* Compl. at 1.) In *Walker II*, Plaintiff alleges that she was fraudulently induced into accepting the loan for an amount higher than the value of the property. (*Id.* ¶ 3.1.) Plaintiff further alleges that after BACHLS obtained the beneficiary rights under the deed of trust, BACHLS placed false charges on her account, forced her to under-insure her property, and imposed improper late fees and penalties. (*Id.* ¶ 3.4.) Plaintiff also alleges that BACHLS partook in a civil conspiracy by filing and recording false documents regarding the property. (*Id.* ¶ 3.10.) The complaint states that the individuals who signed and incorporated the documents on behalf of MERS lacked the authority to do so, thereby making the documents void. (*Id.* ¶ 3.11(c)-(f).) Plaintiff alleges that because these documents are void, the subsequent assignment of the deed of trust to Defendant is also void, along with any action taken by Defendant in regards to the deed. (*See id.*)

In light of these allegations, Plaintiff requests that the court (1) declare the deed of trust and promissory note void, as they were fraudulently obtained, (2) deem Defendant to have "unclean hands" and therefore no right to recover through the remedy of foreclosure, and (3) quiet title in favor of Plaintiff because foreclosure is barred and the note and deed of trust are void. (*Id.* at 7-8.)

As it did in *Walker I*, Defendant removed this case to the United States District Court for the Western District of Washington. (*See* Not. of Rem.) Defendant then moved for an extension of time to respond to the complaint, which the court granted. (Mot. for Ext. (Dkt. # 5); 11/12/14 Order (Dkt. # 6).) Days later, Plaintiff filed a motion for reconsideration, along with a motion for entry of default, a motion for entry of default

judgment, and a motion for a bill of costs.  With these motions, Plaintiff argues that the extension was improper, that a default should be granted because Defendant failed to respond to the complaint, and that costs should be awarded because of the default.  (*See generally* Mot. for Recons.; Mot. for Default; Mot. for Default Judg.; Mot. for Bill of Costs.)

On December 8, 2014, Defendant filed a motion to dismiss.  (*See* Mot.)  Defendant contends that *res judicata* bars Plaintiff's claims and thus Plaintiff is not entitled to quiet title to the property.  (*Id.* at 1.)  Additionally, Defendant challenges Plaintiff's standing to dispute the validity of any assignment of the deed of trust, asserts that the recorded documents establish its authority to foreclose, and claims that the split note theory on which the complaint relies is not legally valid.  (*Id.* at 8-14.)  Plaintiff has not responded to Defendant's motion.  (*See* Dkt.)

### III.   DISCUSSION

**A.   Plaintiff's Motion for Reconsideration**

Plaintiff moves for reconsideration of the court's order granting Defendant an extension of time in which to respond to the complaint.  (*See* Mot. for Recons.)  Motions for reconsideration are disfavored and will ordinarily be denied unless there is a showing of (a) manifest error in the prior ruling, or (b) facts or legal authority which could not have been brought to the attention of the court earlier with reasonable diligence.  Local Rules W.D. Wash. LCR 7(h)(1).   Plaintiff's motion makes neither showing.

Plaintiff argues that she served Defendant by mail in Washington on October 7, 2014 (*see* Mot. for Recons. at 1; Not of Rem. Ex. A at 11), not in California on October

9, 2014, as Defendant claims (*see* Mot. for Ext. at 2). Yet even if Plaintiff is correct, her argument does not warrant a different ruling on Defendant's motion for an extension. Under Plaintiff's version of events, Defendant still timely removed the case to this court under 28 U.S.C. § 1446 because it removed within 30 days of October 7, 2014. (*See* Not. of Rem. (filed 11/6/14).) Furthermore, Federal Rule of Civil Procedure 81(c) states that "after removal . . . [a] defendant who did not answer before removal must answer or present other defenses or objections under these rules within the longest of these periods: . . . (C) 7 days after the notice of removal is filed." Fed. R. Civ. P. 81(c)(2)(C). Defendant observed that deadline by moving for an extension within seven days following removal. *See* Fed. R. Civ. P. 6(b)(1)(A).

Plaintiff also challenges BANA's right to defend this action, which is nominally against BACHLS. (*See* Mot. for Recons. at 1-2.) That argument likewise lacks merit. BANA asserts that it is the successor by merger to BACHLS and, in response to the court's request, has produced a letter from the office of the United States Comptroller of the Currency confirming the merger of BACHLS into BANA. (Mot. for Ext. at 1; 2d Varallo Decl. ¶ 2, Ex. A.) Thus, Plaintiff has shown neither manifest error nor new facts or legal authority that would change the court's ruling on Defendant's motion for an extension. The court therefore denies her motion for reconsideration.

**B.     Plaintiff's Motion for Entry of Default and Motion for Default Judgment**

Motions for entry of default are governed by Federal Rule of Civil Procedure 55(a). Rule 55(a) requires the clerk to enter default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed. R.

Civ. P. 55(a).  A motion for entry of default is the first step for a litigant to obtain a default judgment against another party.  *See* Local Rules W.D. Wash. LCR 55(b)(1); *see also* Fed. R. Civ. P. 55(b).

Plaintiff's motions for entry of default and for entry of a default judgment fail in light of the court's ruling on her motion for reconsideration.  Defendant filed its motion to dismiss within the period of the extension that the court initially approved and has now reaffirmed.  (*See* 11/12/14 Order at 1 (extending the deadline to respond to the complaint to 12/8/14); Mot. (filed 12/8/14); *supra* Part III.A.)  Because Defendant timely filed a motion to dismiss, Defendant has not failed to "plead or otherwise defend" in this action.  *See* Fed. R. Civ. P. 55(a).  Entry of default is therefore inappropriate as, by extension, is entry of a default judgment.  *See* Fed. R. Civ. P. 55; Local Rules W.D. Wash. LCR 55.  Consequently, the court denies Plaintiff's motion for entry of default as well as her motion for entry of a default judgment.

**C.     Plaintiff's Motion for a Bill of Costs**

Plaintiff has submitted a document that she labels on the docket as a "motion for bill of costs."  (Dkt. # 12.)  The document itself, however, bears the title "affidavit of costs" and contains only a short list of Plaintiff's litigation costs.  (*See id.*)  Nevertheless, because Plaintiff is proceeding pro se, the court liberally construes her affidavit as a motion for costs under Federal Rule of Civil Procedure 54(d)(1).  *See Bernhardt v. L.A. Cnty.*, 339 F.3d 920, 925 (9th Cir. 2003) ("Courts have a duty to construe pro se pleadings liberally, including pro se motions[.]").  Rule 54(d)(1) specifically states that costs "should be allowed to the prevailing party."  Fed. R. Civ. P. 54(d)(1).  The court has

ORDER- 7

denied Plaintiff's motion for default judgment; therefore, she is not a "prevailing party." As such, the court denies her motion for a bill of costs.

**D.     Defendant's Motion to Dismiss**

    1.  Legal Standard

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court must assume that all allegations of material fact in the complaint are true and view the complaint in the light most favorable to the nonmoving party. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 588 (2007); *Assoc. Gen. Contractors v. Metro Water Dist.*, 159 F.3d 1178, 1181 (9th Cir. 1998). A complaint "does not need detailed factual allegations" but the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 F.3d at 555. The court will not dismiss a complaint unless the plaintiff can prove no set of facts in support of the claim that would entitle him to relief. *Twombly*, 550 F.3d at 577 (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Conclusory allegations of law and unwarranted inferences are insufficient to defeat a Rule 12(b)(6) motion. *Assoc. Gen. Contractors*, 159 F.3d at 1181.

On a motion to dismiss, the court may consider any material that is submitted as part of the complaint. *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001). If relevant documents are not physically attached, they may still be considered if their authenticity is not contested and the complaint necessarily relies on them. *Point Ruston, LLC v. Pac. Nw. Reg'l Council of the United Bhd. of Carpenters & Joiners of Am.*, 658 F. Supp. 2d 1266, 1274 (W.D. Wash. 2009). Additionally, when considering a Rule 12(b)(6) motion,

a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986).

2. *Res Judicata*

Defendant argues that the court should dismiss Plaintiff's complaint under Federal Rule of Civil Procedure 12(b)(6) because *res judicata* bars her claims. (Mot. at 1.) *Res judicata* "bars a subsequent action between the same parties or their privies over the same cause of action." *In re Imperial Corp. of Am.*, 92 F.3d 1503, 1506 (9th Cir. 1996) (citation omitted). "The doctrine of *res judicata* rests upon the ground that a matter which has been litigated, or on which there has been an opportunity to litigate, in a former action in a court of competent jurisdiction, should not be permitted to be litigated again. It puts an end to strife, produces certainty as to individual rights, and gives dignity and respect to judicial proceedings." *Walsh v. Wolff*, 201 P.2d 215, 217 (Wash. 1949).

In considering a *res judicata* defense, a federal diversity court looks to the law of the forum state. *See Semtek Int'l Inc. v. Lockheed Martin Corp.,* 531 U.S. 497, 508 (2001) (finding that federal common law requires application of "the law that would be applied by state courts in the State in which the federal diversity court sits"). The party asserting *res judicata* as a defense has the burden of proving that the claim was previously adjudicated. *Civil Serv. Comm'n of City of Kelso v. City of Kelso*, 969 P.2d 474, 477 (Wash. 1999); *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 627 n.4 (9th Cir. 1988).

To determine whether a previous lawsuit justifies invoking *res judicata*, the threshold requirement is a final judgment on the merits. *Karlberg v. Otten*, 280 P.3d

ORDER- 9

1123, 1130 (Wash. Ct. App. 2012).  In addition, Washington courts require identity between a prior judgment and a subsequent action as to (1) persons and parties, (2) causes of action, (3) subject matter, and (4) the quality of the persons for or against whom the claim is made.  *Id*.  Moreover, Washington law prohibits claim splitting, which occurs when a party files separate lawsuits with different claims, but based on the same events. *Ensley v. Pitcher*, 222 P.3d 99, 102 (Wash. Ct. App. 2009).

      3.  <u>Application to this Case</u>

Applying the four-element analysis established by Washington state court precedent, the court finds that *res judicata* precludes Plaintiff's claims.  In reaching this conclusion, the court considers the current action and *Walker I*.  The court may consider *Walker I* in the context of a motion to dismiss because that suit is a matter of public record.  *See Mack*, 798 F.2d at 1282.  Furthermore, the court notes as an initial matter that *Walker I* was dismissed with prejudice.  (Mot. at 3.)   A dismissal with prejudice constitutes a final judgment on the merits.  *Headwaters Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1052 (9th Cir. 2005); *Krikava v. Webber*, 716 P.2d 916, 918 (Wash. Ct. App. 1986).  Therefore, the threshold requirement for *res judicata* under Washington law is satisfied here.  *See Karlberg*, 280 P.3d at 1130.

There is no question that elements one, three, and four are met.  First, the parties and their quality are the same:  Ms. Walker is the plaintiff and BACHLS is the defendant in both *Walker I* and *Walker II*.  (*See Walker I* Compl.; *Walker II* Compl.); *Pederson v. Potter*, 11 P.3d 833, 838 (Wash. Ct. App. 2000); *Rains v. State*, 674 P.2d 165, 169 (Wash. Ct. App. 1983).  Additionally, both actions involve the same subject matter:  the

ORDER- 10

same property, deed of trust, promissory note, and payments between Plaintiff and Defendant. (*See generally Walker I* Compl.; *Walker II* Compl.); *see also Pederson*, 11 P.3d at 838.

The second element, causes of action, also favors preclusion. In analyzing this element, Washington courts look to the following considerations: (1) whether the rights or interests established in the prior judgment would be destroyed or impaired by the prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts. *Pederson*, 11 P.3d at 838. The fourth consideration is the most important, *Deja Vu-Everett-Federal Way, Inc. v. City Of Federal Way*, 979 P.2d 464, 468 (Wash. Ct. App. 1999), and all four considerations need not be present to bar the claim, *Ensley*, 222 P.3d at 105. *See also Kuhlman v. Thomas*, 897 P.2d 365, 368 (Wash. Ct. App. 1995). Indeed, Washington law does not require absolute identity in causes of action. *See Knuth v. Beneficial Wash., Inc.*, 31 P.3d 694, 696 (Wash. Ct. App. 2001) ("[R]es judicata[] prohibits a party from bringing a claim already litigated or a claim that could have been litigated in a prior action."); Philip A. Trautman, *Claim and Issue Preclusion in Civil Litigation in Washington*, 60 Wash. L. Rev. 805, 814-19; *see also Ensley*, 222 P.3d at 102 (noting that Washington law prohibits claim splitting—that is, multiple lawsuits based on the same events or transactions).

The first consideration, impairment of rights or interests, favors Defendant's position. A settlement resulting in a dismissal with prejudice operates as a judgment on

the merits that creates specific rights for the parties involved.  *See Pederson*, 11 P.3d at 838.  *Walker I* ended in a settlement and dismissal with prejudice.  (*Walker I*, Dkt. # 3, Dkt. entry of 4/4/12.)  Although the settlement's terms remain confidential, the dismissal of *Walker I* with prejudice nevertheless concluded the controversy between Defendant and Plaintiff surrounding Defendant's attempts to collect loan payments and fees and otherwise enforce its rights under the note and deed of trust up to the time of *Walker I*.  *See Pederson*, 11 P.3d at 833; *Krikava*, 716 P.2d at 918.  With her complaint in *Walker II*, Plaintiff contends that she is not obligated to make the payments on her loan and that Defendant cannot foreclose because the note and deed of trust are unenforceable.  (*See generally Walker II* Compl.)  In making this argument, she relies on actions and events that occurred prior to *Walker I*'s dismissal.  (*See id.* ¶¶ 3.1-3.11; *see also Walker I* Compl. ¶¶ 3.1-3.69; *Walker I*, Dkt. # 3, Dkt. entry of 4/4/12.)  *Walker II* would therefore impair the rights established in *Walker I* by reopening the controversy that ended with the dismissal of *Walker I* with prejudice.[4]  *See Pederson*, 11 P.3d at 838.

The second consideration, identity of evidence, is neutral.  Both complaints refer to the same property, loan, deed of trust, promissory note, and fees.  (*See generally Walker I* Compl.; *Walker II* Compl.)  However, *Walker II* could require some new evidence that might not have been part of *Walker I*.  For instance, *Walker II*'s fraudulent inducement claim would require evidence of the circumstances surrounding Plaintiff's purchase of her home.  (*Walker II* Compl. ¶ 3.1.)  That evidence may not have been

---

[4] Furthermore, Ms. Walker does not suggest that she brings this lawsuit to enforce the terms of the parties' settlement agreement.

necessary in *Walker I*, which focused primarily on Defendant's subsequent actions to collect payment and pursue foreclosure. (*See, e.g.*, *Walker I* Compl. ¶¶ 4.2, 6.3, 8.2.)

The third consideration, infringement of the same right, favors Defendant's position. In both complaints, Plaintiff challenges Defendant's right to foreclose on the property and argues that Defendant assessed improper fees on her loan. (*See Walker I* Compl. at 15; *Walker II* Compl. at 3, 7-8) Thus, in both suits, Plaintiff asserts her right to be free from improper fees and unlawful foreclosure. *See Knuth*, 31 P.3d at 697 (finding this factor to be satisfied when both suits alleged that the defendant charged improper fees even though the second suit involved a type of fee not included in the first suit).

The fourth consideration likewise favors preclusion, as the transactional nucleus of facts is the same in both *Walker I* and *Walker II*. This consideration is the most important in the cause of action analysis. *Deja Vu-Everett-Federal Way, Inc.*, 979 P.2d at 468. The complaints in both *Walker I* and *Walker II* surround the same property, loan, deed of trust, promissory note, and fees. Those documents and transactions form the basis of both cases—*Walker I* is primarily an action for breach of the obligations they entail, while *Walker II* is primarily an action challenging their validity. (*Compare Walker I* Compl. *with Walker II* Compl.) Accordingly, *Walker I* and *Walker II* share a common transactional nucleus of facts. *See Pederson*, 11 P.3d at 838 (finding a common transactional nucleus of facts where the parties had settled a dispute regarding the plaintiffs' breach of the parties' agreements and the plaintiffs later sued the defendants to invalidate those agreements on the basis of alleged misrepresentations).

ORDER- 13

In sum, Plaintiff's case satisfies all the requirements of *res judicata* under Washington law. *Walker I* ended in dismissal with prejudice, which constitutes a final judgment on the merits for purposes of *res judicata*. Moreover, *Walker I* and *Walker II* display identity along all the elements relevant to the *res judicata* analysis under Washington law. The parties and their quality are the same in both suits, and both suits involve the same subject matter. In addition, the causes of action align on three of the four relevant criteria, including the most important criterion: a shared transactional nucleus of facts. As such, the court finds that *res judicata* precludes the claims in the present suit and therefore grants Defendant's motion to dismiss.

//
//
//
//
//
//
//
//
//
//
//
//
//

## IV. CONCLUSION

For the foregoing reasons, the court DENIES Plaintiff's motion for reconsideration (Dkt. # 8), motion for entry of default (Dkt. # 9), motion entry of default judgment (Dkt. # 10), and motion for bill of costs (Dkt. # 12); GRANTS Defendant's motion to dismiss (Dkt. # 15); and DISMISSES Plaintiff's complaint with prejudice.[5]

Dated this 4th day of March, 2015.

JAMES L. ROBART
United States District Judge

---

[5] The court dismisses Plaintiff's complaint with prejudice because it finds that the complaint could not be saved by further amendment. *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051-52 (9th Cir. 2003); *see also Portnoy v. United States*, 507 Fed. App'x 736, 737 (9th Cir. 2013) (approving dismissal with prejudice where *res judicata* barred the plaintiff's claims); *Henderson v. Sony Pictures Entm't, Inc.*, 288 Fed. App'x 387, 388 (9th Cir. 2008) (same); *Cayward v. HSBC Bank USA, Nat'l Ass'n*, No. C12-1402MJP, 2013 WL 392718, at *4 (W.D. Wash. Jan. 31, 2013) (dismissing with prejudice action barred by *res judicata*); *Duffy v. U.S. Dep't of Veteran Affairs*, No. 11-cv-05945 RBL, 2012 WL 1416268, at *2 (W.D. Wash. Apr. 24, 2012) (same).